MOSES SWIFT, Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD CO., Appellant.

*N. Y. Supreme Court, Second Department, General Term May* 13, 1889.

1. *Negligence. Railroad crossing.*—In an action for the negligence of a railway company in injuring plaintiff's child, while attempting to cross its track, the question whether the engineer, after the discovery of the peril, used reasonable diligence to avert it, is one properly submitted to the jury, and their verdict must be controlling.

2. *Same. Custom.*—The custom of the occupants of the abutting houses to cross at will, which was well known to defendant's employees, is an element in the case that should have suggested a high degree of care.

3. *Same. Age.*—The youth of the person on the track, if it can be discerned by the engineer, may well affect his duty, and is a consideration for the jury.

Action to recover damages for injuries inflicted upon plaintiff's child through the alleged negligence of the defendant in operating its road. A number of houses abutted on the defendant's track at the place where the accident happened, and the occupants were in the habit of crossing the track for various purposes. This child, who was about fifteen years of age, was going from one of these houses across the track and was struck by a passenger locomotive. The

engineer testified that when he was about 200 feet from her, he first saw her standing near the track, but that she did not get on the track until he was within 35 or 40 feet of her, and that he then attempted to stop the train. The plaintiff recovered judgment and defendant appeals.

*McFarland, Boardman & Platt,* for appellant.

*James C. Foley,* for respondent.

PRATT, J.—Whether the engineer, after the discovery of the peril, used reasonable diligence to avert it, was a question properly submitted to the jury, and their verdict must be controlling. The custom of the occupants of the houses abutting upon the track to cross at will was known to defendants, and was an element in the case that should have suggested a high degree of care which the jury may have thought was not exercised by defendants.

The youth of the person on the track, if it could be discerned by the engineer, might well affect his duty. All these considerations were presented to the jury, and we cannot say their verdict was erroneous.

The charge of the court was as favorable to defendants as the facts warranted, and no reason is shown to interfere with the judgment, which must be affirmed, with costs.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.